IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50735
Summary Calendar
_____

DAVID ANTHONY,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-98-CV-524
- - - - - - - - - -
March 18, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

David Anthony, Texas prisoner #602435, appeals from the dismissal of his habeas corpus petition seeking relief from a prison disciplinary hearing that resulted in the loss of good-conduct time for failure to exhaust state-law remedies. Texas state courts will not entertain habeas corpus challenges to prison disciplinary proceedings. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988). Accordingly, a Texas prisoner seeking to challenge the outcome of a prison disciplinary hearing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in habeas corpus proceedings need exhaust only prison grievance procedures. *See Gartrell v. Gaylor*, 981 F.2d 254, 258 n. 3 (5th Cir. 1993). The district court therefore erred by holding that Anthony had failed to exhaust state-law remedies because he had not sought relief in state court following his pursuit of relief in the prison grievance procedure. Should the district court wish to consider the exhaustion issue following our remand, the district court may wish to obtain copies of Anthony's prison grievances and the responses to those grievances.

VACATED AND REMANDED.